SHEPHERD, Circuit Judge,
dissenting.
Because I believe there was insufficient evidence to support Olsen’s conviction, I respectfully dissent. In each count of the indictment, the Government charged Olsen with making a false statement or representation of a fact, specifically that his “primary residence was 2305 Virginia Avenue, Joplin.” However, the evidence at trial was that Olsen indicated on his FEMA application that his primary residence was 410 South Wall. To the question, “Is [2305 Virginia] your primary residence?” Olsen answered, “No (Secondary).” During a subsequent investigatory interview, Olsen again told the investigator that 2305 Virginia was not his primary residence, and in fact that he sustained no damage to his primary residence. Further, in submitting subsequent materials to FEMA, Olsen never used the words “primary residence” or affirmed that 2305 Virginia was his primary residence.
No doubt, there was sufficient evidence for Olsen to be convicted of submitting a false rental agreement or false information about his lost property, but there was insufficient evidence for a jury to conclude that Olsen represented 2305 Virginia as his primary residence. See United States v. Vesaas, 586 F.2d 101, 104 (8th Cir.1978) (“ ‘It may well be that petitioner’s answers were not guileless but were shrewdly calculated to evade. Nevertheless, ... any special problems arising from the literally true but unresponsive answer are to be remedied through the ‘questioner’s acuity’ and not by a federal perjury prosecution.’ ” (alteration in original) (quoting Bronston v. United States, 409 U.S. 352, 362, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973))). In my view, the Government should be held to the allegations as set forth in its indictment.
Accordingly, I would reverse Olsen’s conviction.